NOV 13 '26 PM1:24
RCV'D - USDC FLO S

**UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA FLORENCE DIVISION MAYSHELL WILSON, Plaintiff, v. WILLIE MAE REED; AMELIA BRADSHAW; SGT. MARK GREGORY JUSTICE; and JOHN/JANE DOE CLARENDON COUNTY SHERIFF'S OFFICERS 1–3, whose identities are presently unknown, Defendants.**

**CIVIL ACTION NO. ________________**

**COMPLAINT FOR DAMAGES AND JURY DEMAND 42 U.S.C. § 1983 AND RELATED STATE-LAW CLAIMS Plaintiff Mayshell Wilson, proceeding without an attorney, alleges as follows. Allegations based on personal knowledge are stated as such; allegations concerning records are identified as record-based; and matters requiring discovery are pleaded on information and belief. Plaintiff requests damages for the December 11, 2024 seizure/removal of personal property, not appellate review of a state-court judgment.**

## I. PARTIES

1. Plaintiff Mayshell Wilson is an adult resident of South Carolina. Plaintiff's mailing address, telephone number, and email address are listed in the signature block.

2. Defendant Willie Mae Reed was the landlord/property owner involved in the Clarendon County landlord-tenant proceedings concerning 6411 Summerton Highway, Manning, South Carolina.

3. Defendant Amelia Bradshaw is identified in the Clarendon County Sheriff's Office incident report associated with the December 11, 2024 incident. She is sued in her individual capacity.

4. Defendant Sgt. Mark Gregory Justice is identified in the archived incident report. He is sued in his individual capacity.

5. Defendants John/Jane Doe Officers 1–3 are Clarendon County Sheriff's Office personnel whose names and individual conduct are not yet fully known. Plaintiff will seek leave to amend after obtaining the complete incident report, dispatch/CAD records, body-camera footage, and personnel identities. Each Doe is sued in an individual capacity.

6. Plaintiff seeks damages for the alleged December 11, 2024 deprivation of personal property and does not ask this Court to review or reverse a state-court judgment.

## II. JURISDICTION AND VENUE

7. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged deprivation of rights secured by the United States Constitution.

8. Plaintiff invokes supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims, if any, arising from the same December 11, 2024 events.

9. Venue is asserted under 28 U.S.C. § 1391(b) because the events alleged occurred in Clarendon County, South Carolina, within the District of South Carolina. The events giving rise to the claims occurred in Clarendon County, South Carolina.

## III. FACTUAL ALLEGATIONS

10. The dispute concerns a residence at 6411 Summerton Highway, Manning, Clarendon County, South Carolina, and state-court proceedings involving Plaintiff and Ms. Reed. The related Court of Appeals matter was Mayshell Wilson v. Willie Mae Reed, Case No. 2024-001284.

11. An August 16, 2024 order in the related state-court proceedings recounts that the Court of Appeals had stayed the case and directed a second hearing. The Circuit Court then remanded the matter to Magistrate Court for a writ of eviction. A copy of the order appears in Plaintiff's archived amended Record on Appeal.

12. Plaintiff alleges that she paid a $700 installment for December 2024 under a bond or stay arrangement before the December 11, 2024 incident.

13. On December 11, 2024, Clarendon County Sheriff's Office personnel attended the residence in connection with enforcement of an ejectment/writ. The Sheriff's Office incident report identifies the incident as 'Larceny — All Other' and identifies Sheriff's Office personnel including Bradshaw and Sgt. Justice. The report and property listing are attached in the archived record submitted by Plaintiff to the Court of Appeals on December 12, 2024.

14. The Sheriff's Office property listing records four televisions and one red microwave, with a total listed value of $1,247. The listing records the property documented by the Sheriff's Office.

15. Plaintiff alleges that personal property was removed or taken during the December 11 incident and that she did not consent to its removal. Plaintiff further alleges that one television was later returned after an officer asked Ms. Reed several times to return it.

16. Plaintiff alleges that she went to Columbia on the morning of the incident and personally spoke with Shelby Spencer. Plaintiff states that Ms. Spencer made a call while Plaintiff was present. When Plaintiff returned to the residence, Ms. Reed and other persons were changing the locks.

17. On December 12, 2024, Plaintiff emailed the incident report to the South Carolina Court of Appeals. The archived copy bears a received stamp dated December 12, 2024. This establishes that Plaintiff reported the incident to the appellate court the following day; it does not establish that the appellate court entered an order staying enforcement. 18. On January 16, 2025, counsel for Ms. Reed sent Plaintiff a letter stating, among other things, that Plaintiff was a tenant at the address 'until such time as the matter has been decided by the South Carolina Court of Appeals.' Plaintiff offers this letter as relevant context concerning the parties' understanding of the tenancy and appellate proceedings.

19. Plaintiff alleges that the removal and loss of property caused economic loss, loss of use of personal belongings, inconvenience, and emotional distress.

20. Plaintiff alleges on information and belief that Ms. Reed and one or more Sheriff's Office personnel acted jointly in the handling and removal of Plaintiff's personal property. The factual basis for this allegation includes the officers' presence during the removal, the Sheriff's Office property listing, the alleged requests to Ms. Reed to return the television, and the sequence of events described above. Plaintiff seeks discovery to determine each person's precise role. Plaintiff understands that a private landlord is not liable under § 1983 merely because she used the state courts or requested an eviction; Plaintiff must prove joint action or other state action.

## IV. CLAIMS FOR RELIEF

### COUNT I — 42 U.S.C. § 1983: FOURTEENTH AMENDMENT — DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS (AGAINST THE INDIVIDUAL SHERIFF'S OFFICE DEFENDANTS)

21. Plaintiff realleges paragraphs 1–20.

22. Plaintiff alleges that one or more Sheriff's Office defendants, acting under color of state law, participated in or knowingly facilitated the taking, removal, or retention of Plaintiff's personal property without constitutionally adequate process and without lawful authority to seize those items as part of the writ's execution.

23. Plaintiff alleges that the writ authorized recovery of possession of the real property, but did not necessarily authorize officers or a private party to take ownership of Plaintiff's personal belongings. The exact writ and any applicable inventory/property procedure must be produced and examined.

24. Plaintiff alleges that the deprivation was not merely an accidental loss and that the available post-deprivation remedy, if any, was inadequate under the circumstances. The nature of the officers' participation, any available state remedy, and whether the deprivation was authorized or random and unauthorized require factual development.

25. As a direct and proximate result, Plaintiff alleges loss of personal property and other actual damages. Plaintiff seeks compensatory damages and, if supported by proof, nominal and punitive damages against individual defendants.

**COUNT II — 42 U.S.C. § 1983: JOINT ACTION / UNDER-COLOR-OF-LAW PARTICIPATION (AGAINST REED AND THE INDIVIDUAL OFFICERS)**

26. Plaintiff realleges paragraphs 1–25.

27. Plaintiff alleges that Ms. Reed was a private person who acted jointly with state officers in the specific conduct surrounding the December 11, 2024 removal of personal property. The claim is based on the alleged coordinated conduct at the residence, not simply on Ms. Reed's status as a landlord or her participation in state-court litigation.

28. Plaintiff alleges that the specific conduct surrounding the removal involved coordinated participation by Ms. Reed and state actors, and seeks discovery concerning communications, dispatch records, body-camera footage, instructions given at the scene, and the return of property. 29. If joint action is proven, Plaintiff alleges that the jointly conducted seizure or retention of property deprived her of due process and caused the damages described above.

**COUNT III — STATE-LAW CONVERSION / TRESPASS TO CHATTELS (AGAINST THE PERSONS PROVEN RESPONSIBLE)**

30. Plaintiff realleges paragraphs 1–29. 31. To the extent permitted by South Carolina law and applicable immunities, Plaintiff alleges that one or more defendants intentionally exercised unauthorized dominion or control over personal property belonging to Plaintiff, or intentionally interfered with Plaintiff's possession and use of that property.

32. Plaintiff seeks the proven value of property not returned, loss-of-use damages, and any other relief allowed by South Carolina law.

**V. DAMAGES**

33. Plaintiff seeks compensatory damages in an amount to be proven at trial, including the fair value of property not returned, loss of use, reasonable expenses directly caused by the alleged conduct, and other proven actual damages.

34. Plaintiff seeks nominal damages where a constitutional violation is proven but actual damages are not.

35. Plaintiff seeks punitive damages only against individual defendants if the evidence shows the legally required reckless or callous indifference to federally protected rights or other applicable standard.

36. Plaintiff seeks allowable costs, interest, and any attorney's fees authorized by 42 U.S.C. § 1988 if she later obtains counsel and qualifies.

VI. REQUEST FOR RELIEF WHEREFORE, Plaintiff respectfully requests that the Court: A. Enter judgment in Plaintiff's favor on any claim proven; B. Award compensatory damages in an amount determined by the evidence; C. Award nominal damages where appropriate; D. Award punitive damages against individual defendants only where legally supported; E. Award allowable costs and any fees authorized by law; F. Permit discovery of the complete Sheriff's Office incident report, dispatch/CAD records, body-camera and dash-camera footage, property inventory, communications between the defendants, and records concerning return or disposition of the listed property; and G. Grant such other relief as the Court deems just and proper.

VII. JURY DEMAND Plaintiff demands a trial by jury on all issues so triable.

VIII. SIGNATURE Respectfully submitted, Mayshell Wilson Mayshell Wilson, Plaintiff Pro Se Date: NOV 13 2026

Mailing address: Email: Mishellmel@yhoo.com Telephone: 803-225-2752